MUTUAL LIFE INSURANCE COMPANY OF NEW YORK v. LEONARD, appellant.

*Contract— sale of real estate — release from performance.*

.Defendant contracted to purchase certain real estate of S. and to pay a speci-
fied part of the purchase price on October 1st, at which time S. was to give
a deed. By mutual agreement the time of performance was extended. At
the second date agreed upon, defendant started for the place where the con-
tract was to be performed ready to fulfill his part, but was turned back by a
message from S. that the deed was not ready, and defendant need not come.
*Held,* that defendant was released from all obligation to perform the contract.

APPEAL from a judgment in favor of plaintiff, entered upon the
report of a referee. The action was brought to recover the sum of
$100, claimed to be due upon a contract made by the defendant with
one Gilbert Scofield for the purchase of a lot of land.

By the articles of agreement, dated August 9, 1871, said Scofield
agreed to sell, and the said defendant to purchase, a lot of seventy-
five acres of land situate in Oakfield, Genesee county, for the price
of $1,000; of which sum $100 was to be paid October first, and
the remaining $900 in nine equal annual payments with interest, to
be secured by a bond and mortgage of the defendant, which, with
the deed, were to be executed and delivered on the said first day of
October.

The cause was referred to a referee for trial, and tried by him.
He found, in his report, that the parties agreed by parol that the
execution of said deed and mortgage, and the payment of the money,
should take place in the village of Batavia, and the parties were
to meet there for that purpose. He also found that the time for
performance of said contract was extended beyond the first day
of October by agreement of the parties, to take place within a rea-
sonable time thereafter; that the parties did not meet at all at
Batavia, and that on the eighth of December, afterward, Scofield
tendered a deed of said premises to defendant and demanded pay-
ment of the $100, which was refused.

By the evidence it appeared that, about the first of October, the
time for the fulfillment of the contract was extended two weeks by
mutual agreement. Upon the day to which it was extended defend-
ant started for Batavia, ready to perform his part of the agreement,

but was turned back upon receiving a message that Scofield was not ready to give the deed.

The referee reported that the plaintiff was entitled to recover, and rendered judgment for the $100 and interest, from which the defendant duly appealed to this court.

*Graves & Pitts*, for appellant.

*Peck & Bowen*, for respondent.

E. DARWIN SMITH, J. The time fixed in the contract for its performance was October 1, 1871. The giving of the deed and the bond and mortgage, and the payment of the $100, were to be simultaneous acts. Neither party was at Batavia, the place agreed upon for the performance of said contract, on the said first day of October, but the time for such performance was extended two weeks by mutual agreement. At the expiration of the two weeks, and while the defendant was on his way to Batavia with the money to fulfill the contract on his part, he received notice from Scofield not to go to Batavia as he had to go away, and was not ready to give the deed.

The parties did not meet at this time, and no other agreement was made for the extension of the time of performance. I think the referee erred in finding that the agreement to extend the time of performance was an agreement for an extension for a reasonable time. It was an explicit agreement for an extension for a fixed and definite time of two weeks. The failure of the plaintiff Scofield to attend at that time at Batavia, ready to perform the contract on his part, was his own fault and without the assent of the defendant, and as the latter was notified not to attend at the said time and place, and that Scofield was not ready to deliver the deed at such time and place, he was excused from attendance at such place and time, and discharged from all obligation to perform such contract.

The referee clearly erred in finding that the plaintiff was entitled to recover. Upon the clear and undisputed facts of the case. Scofield, the plaintiff's assignor, was not ready to perform on his part, and did not offer at the proper time to perform, and in such case the plaintiff had no right of action against the defendant for his non-performance.

The judgment should be reversed and a new trial ordered, with costs to abide event.

*Judgment reversed and new trial ordered.*